1  K. Randolph Moore, SBN 106933 E-Filing
   Tanya E. Moore, SBN 206683
2  MOORE LAW FIRM, P.C.
   332 North Second Street
3  San Jose, California  95112
   Telephone (408) 298-2000
4  Facsimile (408) 298-6046

5  Attorneys for Plaintiff
   Alma Clarisa Hernandez

6

7

8

9              UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

       CV11-02729                    HRL

11 ALMA CLARISA HERNANDEZ,          ) No.

12             Plaintiff,            )
                                     ) **PLAINTIFF'S COMPLAINT ASSERTING**
13     vs.                          ) **DENIAL OF RIGHT OF ACCESS UNDER**
                                     ) **AMERICANS WITH DISABILITIES ACT**
14 CEC ENTERTAINMENT, INC. dba CHUCK ) **FOR INJUNCTIVE RELIEF,**
   E. CHEESE'S #3001; KENNETH CUMMINS ) **DECLARATORY RELIEF, DAMAGES,**
15 and JOSEPH T. KEENAN, GENERAL    ) **ATTORNEYS' FEES AND COSTS (ADA)**
   PARTNERS OF 2445 FONTAINE        )
16 ASSOCIATES, A CALIFORNIA GENERAL )
   PARTNERSHIP,                     )
17                                   )
                                     )
18             Defendants.          )
                                     )
19 _____)

20            I.    SUMMARY

21     1.    This is a civil rights action by plaintiff ALMA CLARISA HERNANDEZ

22 ("Hernandez") for discrimination at the building, structure, facility, complex, property, land,

23 development, and/or surrounding business complex known as:

24 Chuck E. Cheese's #3001
   2445 Fontaine Road
25 San Jose, California
   (hereafter "Facility")
26

27     2.    HERNANDEZ seeks damages, injunctive and declaratory relief, attorney fees

28 and costs, against CEC ENTERTAINMENT, INC. dba CHUCK E. CHEESE'S #3001,

*Hernandez v. CEC Entertainment, Inc., et al.*
Complaint

1    KENNETH CUMMINS and JOSEPH T. KEENAN, GENERAL PARTNERS OF 2445

2    FONTAINE ASSOCIATES, A CALIFORNIA GENERAL PARTNERSHIP (hereinafter

3    referred to collectively as Defendants), owners and operators of Chuck E. Cheese's #3001,

4    pursuant to the Americans with Disabilities Act of 1990, (42 U.S.C. §§ 12101 et seq.)

5    ("ADA") and related California statutes.

**II.    JURISDICTION**

7         3.    This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for

8    ADA claims.

9         4.    Supplemental jurisdiction for claims brought under parallel California law –

10   arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

11        5.    Hernandez's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

**III.    VENUE**

13        6.    All actions complained of herein take place within the jurisdiction of the

14   United States District Court, Northern District of California, and venue is invoked pursuant

15   to 28 U.S.C. § 1391(b),(c).

**IV.    PARTIES**

17        7.    Defendants own, operate, and/or lease the Facility, and consist of a person (or

18   persons), firm, and/or corporation.

19        8.    Hernandez was diagnosed with severe scoliosis over fifteen (15) years ago

20   and is confined to a wheelchair. Consequently, Hernandez is "physically disabled," as

21   defined by all applicable California and United States laws, and a member of the public

22   whose rights are protected by these laws.

**V.    FACTS**

24        9.    The Facility is a public accommodation facility serving food and drink, open

25   to the public, which is intended for nonresidential use and whose operation affects

26   commerce.

27        10.    Hernandez visited the Facility and personally encountered barriers (both

28   physical and intangible) that interfered with – if not outright denied – her ability to use and

*Hernandez v. CEC Entertainment, Inc., et al.*
Complaint

1   enjoy the goods, services, privileges, and accommodations offered at the facility.   The

2   barriers personally encountered by Hernandez at the Facility include, but are not limited to,

3   the following:

4       a)   Hernandez could not safely and effectively transfer to her wheelchair from her

5           vehicle because the parking space in front of the Facility (which appeared to

6           be designated for persons with disabilities) did not contain an adjacent,

7           properly configured access aisle. Hernandez was then forced to locate a large

8           enough parking space in the general parking lot to offload and transfer to her

9           wheelchair, requiring her thereafter to maneuver her wheelchair dangerously

10          through the parking lot to the Facility entrance.

11      b)   Hernandez wanted to play arcade games with her friends and went around the

12          ground floor looking for an accessible route to the second floor where the

13          arcade was located.   To her extreme disappointment, she found no way to get

14          to the second floor and was utterly embarrassed when her friends offered to

15          carry her – and carried her – upstairs in her wheelchair.

16      11.   Hernandez was, and continues to be, deterred from visiting the Facility

17  because she knows that the Facility's goods, services, facilities, privileges, advantages, and

18  accommodations were and are unavailable to her due to her physical disabilities.  Hernandez

19  continues to be deterred from visiting the Facility because of the future threats of injury

20  created by the barriers due to her disabilities including, but not limited to:

21      a)   Missing and/or incorrect warning signage is installed at the parking facilities;

22      b)   Accessible parking spaces and access aisles are not properly configured and/or

23          exceed the maximum slope allowed;

24      c)   Parking spaces and/or access aisles reserved for persons with disabilities are

25          improperly marked and/or identified ;

26      d)   There is no properly configured and/or identified accessible route provided

27          within the boundary of the site;

28  //

*Hernandez v. CEC Entertainment, Inc., et al.*
Complaint

1    e)    The public restroom and/or accessories provided are not properly configured

2          and/or identified;

3    f)    The fixtures and accessories provided within the restroom are not installed

4          properly and/or are not accessible;

5    g)    There is no accessible seating provided;

6    h)    The fixtures and accessories installed within the facility are not accessible.

7          12.    Hernandez also encountered barriers at the Facility which violate state and

8    federal law, but were unrelated to her disability.  Nothing within this complaint, however,

9    should be construed as an allegation that Hernandez is seeking to remove barriers unrelated

10   to her disability.

11         13.    Defendants knew that these elements and areas of the Facility were

12   inaccessible, violate state and federal law, and interfere with (or deny) access to the

13   physically disabled.  Moreover, Defendants have the financial resources to remove these

14   barriers from the Facility (without much difficulty or expense), and make the Facility

15   accessible to the physically disabled.  To date, however, Defendants refuse to either remove

16   those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

17         14.    At all relevant times, Defendants have possessed and enjoyed sufficient

18   control and authority to modify the Facility, to remove impediments to wheelchair access and

19   to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24

20   regulations.  Defendants have not removed such impediments and have not modified the

21   Facility to conform to accessibility standards.  Defendants have intentionally maintained the

22   Facility in its current condition and have intentionally refrained from altering the Facility so

23   that it complies with the accessibility standards.

24                           **VI.    FIRST CLAIM**

25                    **Americans with Disabilities Act of 1990**

26                    Denial of "Full and Equal" Enjoyment and Use

27         15.    Hernandez incorporates the allegations contained in paragraphs 1 through 14

28   for this claim.

*Hernandez v. CEC Entertainment, Inc., et al.*
Complaint

1    16.    Title III of the ADA holds as a "general rule" that no individual shall be

2    discriminated against on the basis of disability in the full and equal enjoyment (or use) of

3    goods, services, facilities, privileges, and accommodations offered by any person who owns,

4    operates, or leases a place of public accommodation.  42 U.S.C. § 12182(a).

5    17.    Defendants discriminated against Hernandez by denying her "full and equal

6    enjoyment" and use of the goods, services, facilities, privileges and accommodations of the

7    Facility during each visit and each incident of deterrence.

8                 Failure to Remove Architectural Barriers in an Existing Facility

9    18.    The ADA specifically prohibits failing to remove architectural barriers, which

10   are structural in nature, in existing facilities where such removal is readily achievable.  42

11   U.S.C.  §  12182(b)(2)(A)(iv).    The term "readily achievable" is defined as "easily

12   accomplishable and able to be carried out without much difficulty or expense." Id. §

13   12181(9).

14   19.    When an entity can demonstrate that removal of a barrier is not readily

15   achievable, a failure to make goods, services, facilities, or accommodations available through

16   alternative methods is also specifically prohibited if these methods are readily achievable.

17   Id. § 12182(b)(2)(A)(v).

18   20.    Here, Hernandez alleges that Defendants can easily remove the architectural

19   barriers at Facility without much difficulty or expense, and that Defendants violated the

20   ADA by failing to remove those barriers, when it was readily achievable to do so.

21   21.    In the alternative, if it was not "readily achievable" for Defendants to remove

22   the Facility's barriers, then Defendants violated the ADA by failing to make the required

23   services available through alternative methods, which are readily achievable.

24                 Failure to Design and Construct and Accessible Facility

25   22.    Plaintiff alleges on information and belief that the Facility was designed and

26   constructed (or both) after January 26, 1992 – independently triggering access requirements

27   under Title III of the ADA.

28   //

*Hernandez v. CEC Entertainment, Inc., et al.*
Complaint

23.     The ADA also prohibits designing and constructing facilities for first occupancy after January 16, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

24.     Here, Defendants violated the ADA by designing and constructing (or both) the Facility in a manner that was not readily accessible to the physically disabled public – including Hernandez – when it was structurally practical to do so.[1]

### Failure to Make an Altered Facility Accessible

25.     Plaintiff alleges on information and belief that the Facility was modified after January 26, 1992, independently triggering access requirements under the ADA.

26.     The ADA also requires that facilities altered in a manner that affects (or could affect) their usability must be made readily accessible to individuals with disabilities to the maximum extent feasible.   42 U.S.C. § 12183(a)(2).   Altering an area that contains a facility's primary function also requires making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

27.     Here, Defendants altered the Facility in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Hernandez – to the maximum extent feasible.

### Failure to Modify Existing Policies and Procedures

28.     The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

29.     Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Facility, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

---

[1] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state of federal statutes.
*Hernandez v. CEC Entertainment, Inc., et al.*
Complaint

30. Hernandez seeks all relief available under the ADA (i.e., injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

31. Hernandez also seeks a finding from this Court (i.e., declaratory relief) that Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

## VII. SECOND CLAIM

### Disabled Persons Act

32. Hernandez incorporates the allegations contained in paragraphs 1 through 31 for this claim.

33. California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

34. California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

35. Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

36. Here, Defendants discriminated against the physically disabled public – including Hernandez – by denying them full and equal access to the Facility. Defendants also violated Hernandez's rights under the ADA, and therefore, infringed upon or violated (or both) Hernandez's rights under the Disabled Persons Act.

37. For each offense of the Disabled Persons Act, Hernandez seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

//

//

*Hernandez v. CEC Entertainment, Inc., et al.*
Complaint

1    38.    She also seeks to enjoin Defendants from violating the Disabled Persons Act

2  (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and

3  incurred under California Civil Code §§ 54.3 and 55.

4                              **VIII.   THIRD CLAIM**

5                              **Unruh Civil Rights Act**

6    39.    Hernandez incorporates the allegations contained in paragraphs 1 through 38

7  for this claim.

8    40.    California Civil Code § 51 states, in part, that:   All persons within the

9  jurisdiction of this state are entitled to the full and equal accommodations, advantages,

10  facilities, privileges, or services in all business establishments of every kind whatsoever.

11    41.    California Civil Code § 51.5 also states, in part that: No business

12  establishment of any kind whatsoever shall discriminate against any person in this state

13  because of the disability of the person.

14    42.    California Civil Code § 51(f) specifically incorporates (by reference) an

15  individual's rights under the ADA into the Unruh Act.

16    43.    Defendants' aforementioned acts and omissions denied the physically

17  disabled public – including Hernandez – full and equal accommodations, advantages,

18  facilities, privileges and services in a business establishment (because of their physical

19  disability).

20    44.    These acts and omissions (including the ones that violate the ADA) denied,

21  aided or incited a denial, or discriminated against Hernandez by violating the Unruh Act.

22    45.    Hernandez was damaged by Defendants' wrongful conduct, and seeks

23  statutory minimum damages of four thousand dollars ($4,000) <u>for each offense</u>.

24    46.    Hernandez also seeks to enjoin Defendants from violating the Unruh Act (and

25  ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code

26  § 52(a).

27  //

28  //

*Hernandez v. CEC Entertainment, Inc., et al.*
Complaint

## IX. FOURTH CLAIM

### Denial of Full and Equal Access to Public Facilities

47.     Hernandez incorporates the allegations contained in paragraphs 1 through 46 of this claim.

48.     Health and Safety Code § 19955(a) states, in part, that:  California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code §4450.

49.     Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

50.     Hernandez alleges the Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Facility  was not exempt under Health and Safety Code § 19956.

51.     Defendants' non-compliance with these requirements at the Facility aggrieved (or potentially aggrieved) Hernandez and other persons with physical disabilities.  Accordingly, she seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

### X.     PRAYER FOR RELIEF

WHEREFORE, Hernandez prays judgment against Defendants, and each of them, for:

1.     Injunctive relief, preventive relief, or any other relief the Court deems proper.

2.     Declaratory relief that Defendants violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3.     Statutory minimum damages under either sections 52(a) or  54.3(a) of the California Civil Code (but not both) according to proof.

4.     Attorneys' fees, litigation expense, and costs of suit.[2]

5.     Interest at the legal rate from the date of the filing of this action.

//

---

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Hernandez v. CEC Entertainment, Inc., et al.*
Complaint

1      6.     For such other and further relief as the Court deems just and proper.

2   Dated: June 3, 2011                    MOORE LAW FIRM, P.C.

3

4                                          /s/ Tanya E. Moore
                                           Tanya E. Moore,
5                                          Attorneys for Plaintiff,
                                           Alma Clarisa Hernandez
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Hernandez v. CEC Entertainment, Inc., et al.*
Complaint